UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FRUTERA REAL S.A.,                              CASE NO. 07-60445-CIV-COHN/SNOW
a Guatemalan corporation,

        Plaintiff,

v.

FRESH QUEST, INC.,
a Florida corporation,

        Defendant.
_____/

## ORDER DENYING PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIMS ONE AND TWO

**THIS CAUSE** is before the Court upon Plaintiff's Motion to Dismiss Counterclaims One and Two [DE 19]. The Court has carefully considered the Motion and Defendant's Response [DE 24][1], and is otherwise fully advised in the premises. Plaintiff did not file a reply and the time for filing a reply has passed.

### I. BACKGROUND

Plaintiff Frutera Real S.A. filed this action on March 28, 2007 alleging that Defendant Fresh Quest, Inc.'s failure to pay for pineapples[2] received from Plaintiff

---

[1] Plaintiff filed its Motion on June 13, 2007. On July 9, 2007, after no response was received and the time for filing a response had passed, the Court issued an Order to Show Cause why the Motion should not be granted. Defendant filed a timely response to the Order to Show Cause indicating that lead counsel for the Defendant did not receive notice of the Motion since he practices out of state and is unable to receive notices via the Court's electronic filing system. Plaintiff only served the Motion via the electronic filing system. Local counsel mistakenly believed that lead counsel received notification. The attorneys have remedied the problem to avoid any future delay. In light of this explanation, the Court accepts Defendant's Response *nunc pro tunc*.

[2] Count Two of the Complaint indicates that Plaintiff sold Defendant tomatoes. It seems that this is a scrivener's error since neither party refers to a supply of tomatoes in any other pleading and the remainder of the Complaint only references a shipment of

violated the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499a, *et seq.*, (Count I) and breached the parties' contract (Count II) [DE 1]. Plaintiff is a Guatemalan corporation and Defendant is a Florida corporation. Defendant filed an Answer and Counterclaims [DE 13] alleging two counts of unfair conduct under PACA, 7 U.S.C. §§ 499b(2) and (4) (Counts I and II), breach of contract (Count III), and demand for return of overpayment (Count IV). Plaintiff now moves to dismiss Counts I and II of Defendant's Counterclaims for failure to state a claim. Plaintiff argues that these counts cannot survive because, as a Guatemalan corporation, Plaintiff is not subject to the licensing or other requirements of PACA. Defendant counters that in its Complaint, Plaintiff concedes that this case is governed by PACA, and that Plaintiff has failed to cite law in support of its Motion to Dismiss. Further, Defendant argues that by doing business in the United States, Plaintiff has subjected itself to the laws of this nation, including PACA.

## II.  ANALYSIS

### A.  Motion to Dismiss Standard

Until the recent Supreme Court decision in <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. —, 127 S.Ct. 1955 (2007), courts routinely followed the rule set forth in <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957) that, "a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff could prove no set of facts in support of his claim which would entitle him to relief." However, pursuant to <u>Twombly</u>, to survive a motion to dismiss, a complaint must now contain factual

---

pineapples.

allegations which are "enough to raise a right to relief above the speculative level." 127 S. Ct. at 1965.  As under Conley, a complaint must be liberally construed, assuming the facts alleged therein as true and drawing all reasonable inferences from those facts in the plaintiff's favor.  Id. at 1964-65.  A complaint should not be dismissed simply because the court is doubtful that the plaintiff will be able to prove all of the necessary factual allegations.  Id.  Accordingly, a well-pleaded complaint will survive a motion to dismiss "'even if it appears that a recovery is very remote and unlikely.'"  Id. at 1965 (citation omitted).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Id. at 1964-65.  Rather, the facts set forth in the complaint must be sufficient to "nudge the[] claims across the line from conceivable to plausible."  Id. at 1974.

### B.  Whether Plaintiff is Subject to PACA

Defendant's counterclaims allege violations of 7 U.S.C. §§ 499b(2) and (4). These sections state, in pertinent part:

> It shall be unlawful in or in connection with any transaction in interstate or foreign commerce:
>
> . . .
>
> (2) For any dealer to reject or fail to deliver in accordance with the terms of the contract without reasonable cause any perishable agricultural commodity bought or sold or contracted to be bought, sold, or consigned in interstate or foreign commerce by such dealer.
>
> . . .
>
> (4) For any commission merchant, dealer, or broker to make, for a

3

> fraudulent purpose, any false or misleading statement in connection with any transaction involving any perishable agricultural commodity which is received in interstate or foreign commerce by such commission merchant, or bought or sold, or contracted to be bought, sold, or consigned, in such commerce by such dealer, or the purchase or sale of which in such commerce is negotiated by such broker; . . . or to fail, without reasonable cause, to perform any specification or duty, express or implied, arising out of any undertaking in connection with any such transaction; or to fail to maintain the trust as required under section 499e(c) of this title.

PACA defines a "dealer" as any individual or business organization "engaged in the business of buying or selling in wholesale or jobbing quantities . . . any perishable agricultural commodity in interstate or foreign commerce." 7 U.S.C. § 499a(b)(6).[3] "Interstate or foreign commerce" is defined as "commerce between any State or Territory, or the District of Columbia and any place outside thereof; or between points within the same State or Territory, or the District of Columbia but through any place outside thereof; or within the District of Columbia." 7 U.S.C. § 499a(b)(3). PACA requires all dealers to obtain a license from the Secretary of Agriculture and are subject to monetary fines imposed by the Secretary for failure to properly secure a license. 7 U.S.C. § 499c(a).

Plaintiff does not attack the merits of Defendant's counterclaims. Its sole argument is that the counterclaims are not viable because Plaintiff, a foreign corporation without an office in the United States, is not governed by PACA. Plaintiff cites no case law for this proposition. Rather, Plaintiff relies on forms available on the United States Department of Agriculture ("USDA") website and an internal USDA report. Plaintiff argues that the online license application forms do not contain a section for

---

[3] The definition contains certain exceptions, none of which are applicable to this case. 7 U.S.C. § 499a(b)(6).

foreign corporations to apply.  Further, Plaintiff cites a section of the PACA Reparation Index, which Plaintiff claims is an internal USDA report, that reads, "Although the literal words of the Act would apply to a foreign resident buying or selling in the United States, the Secretary has never considered such a foreign resident under the Secretary's jurisdiction if no agent or representative (other than a broker) is in the country."  (Mot. [DE 19], Exh. 3.)

The Court finds the online forms of no assistance.  Using them to interpret the statute is an extremely attenuated argument which the Court finds unpersuasive.  Similarly, while the internal USDA Report lends some credence to Plaintiff's position, it is unsupported by either case law or legislative history.  Neither Plaintiff nor the Court has located such precedent.  Additionally, while the Plaintiff purports the report to be an internal USDA document relied upon by the Secretary of Agriculture, it only provides the Court with the cover page and one page of the report.  It is unclear from this information whether this report is widely disseminated or even available to the public or how it is relied upon by the USDA.  The report also does not indicate whether the information contained therein applies solely to actions by the Secretary of Agriculture or also to suits by private persons.   Due to this ambiguity and lack of precedent, the Court finds that a plain reading of the statute controls in this case.

A plain reading of PACA unambiguously states that it applies to any dealer buying and selling perishable goods in wholesale or jobbing quantities in either interstate or foreign commerce.  PACA does not distinguish between domestic and foreign corporations.  The Court finds no support in the statute for Plaintiff's limiting

interpretation and concludes that PACA could extend to foreign corporations.[4]

Further, and more importantly, Plaintiff concedes in the Complaint that this case is governed by the rules of PACA. (Compl., ¶ 10 ("The sales made by Frutera to Fresh Quest under the the [sic] parties' agreement were in international commerce and were therefore subject to the legal requirements of PACA").) Plaintiff cannot, in hindsight, argue that PACA only governs one side of the transaction. It cannot seek to receive the benefits of PACA's provisions and use it as a basis for jurisdiction while simultaneously arguing that it is not controlled by it.

### III.  CONCLUSION

Based on the foregoing, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Motion to Dismiss Counterclaims One and Two [DE 19] is **DENIED**.

**DONE and ORDERED** in Chambers at Ft. Lauderdale, Florida this 9th day of August, 2007.

JAMES I. COHN
United States District Judge

Copies to counsel of record on CM/ECF

---

[4] Courts have evaluated whether federal laws can apply to foreign corporations when deciding whether to extend subject matter jurisdiction over a foreign corporation. Although jurisdiction is not at issue here since Plaintiff availed itself of this Court's jurisdiction when it filed this action, it is noted that extending PACA to foreign corporations would be supported by the cases finding extraterritorial jurisdiction over foreign corporations under other federal statutes. Courts have routinely held that the United States can assert subject matter jurisdiction over foreign corporations who perform actions outside the United States intended to adversely affect United States commerce. Zenith Radio Corp. v. Matsushita Electric Indus. Co., 494 F. Supp. 1161, 1184 (E.D. Pa. 1980) (providing a detailed overview of case law holding that the Sherman Act can be extended to foreign corporations committing antitrust violations); Id. at 1178 n.33 (listing cases regarding the extraterritorial application of United states economic legislation). See also Rivard v. United States, 375 F.2d 882, 886 (5th Cir. 1967) (extending jurisdiction over criminal defendants whose conduct occurred outside the United States but had a "deleterious effect within the United States").